## IN THE MATTER OF IKE L. TURNER.
### (SUPREME COURT DISCIPLINARY No. 512)
(361 SE2d 824)

PER CURIAM.

On April 2, 1985, respondent Ike L. Turner was retained by clients to file the necessary annual reports and pay the necessary fees to bring their corporation into good standing with the Georgia Secretary of State's office, and to file annual personal and corporate federal tax returns for the year 1984, on their behalf. They paid respondent a total of $275, a portion of which was to be used in paying the necessary corporate fees and a portion as a retainer. They also entrusted certain important documents, including 1984 personal and corporate tax returns for use in filing the tax returns and corporate annual reports.

Beginning in May 1985 until April 22, 1986, they, on numerous occasions, tried to reach respondent and find out about the status of the legal matters they had entrusted to him. Respondent refused to return telephone calls, keep appointments, or communicate in any manner with them regarding the legal matter set out above. He also failed to refund any of the $275 paid to him as fees and expenses. Respondent also refused to return the documents they had entrusted to him and their corporation was not in good standing with the Secre-

tary of State's office.

The Special Master found that respondent violated Standards 22, 23 and 44 of Rule 4-102 of the Rules and Regulations of the State Bar of Georgia.

Respondent also refused to file any response to the Memorandum of Complaint filed against him with the State Disciplinary Board by the Wards and his refusal to cooperate with the Board's investigation of the Complaint is conduct in violation of Standard 68 of State Bar Rule 4-102.

The Review Panel of the State Disciplinary Board adopted the Special Master's finding of fact as well as his conclusions of law. The Review Panel found two prior trial violations of the Rules and Regulations of the State Bar of Georgia, thus making a third infraction by respondent. This is in itself enough for disbarment. Based upon the Review Panel's finding that the respondent was grossly negligent in the handling of his client's case, had a total lack of regard for the disciplinary proceedings, and has multiple violations of the State Bar of Georgia Rules, the Panel determined that the respondent should not be allowed to continue to practice law in this State.

Based upon these violations, the Review Panel of the State Disciplinary Board recommended that respondent Ike L. Turner be disbarred from the practice of law in the State of Georgia.

We adopt the recommendation stated above and hereby order that Ike L. Turner be disbarred from the practice of law in the State of Georgia.

*All the Justices concur.*

DECIDED NOVEMBER 19, 1987.

William P. Smith III, General Counsel State Bar, Viola Sellers Drew, Assistant General Counsel State Bar, for State Bar of Georgia.